# Carroll v. Government Employees Insurance Company

*Terry S. Hyman,* for plaintiff.
*Elaine S. Nace,* for defendant.

DOWLING, *J.,* February 1, 1988 — On August 16, 1980, plaintiff Patricial Carroll was involved in an automobile accident in Dauphin County and was injured. At the time she was covered under an insurance policy issued by the defendant, Goverment Employees Insurance Company of Washington, D.C., consistent with the repealed Pennsylvania No-fault Act. Defendant paid no-fault benefits under the policy up to and including November 20, 1980. The benefits were related to chest injuries suffered by plaintiff in the accident.

On December 6, 1982, plaintiff was diagnosed as having torn knee ligaments stemming from the August 1980 accident. Based on that diagnosis, plaintiff underwent arthoscopic knee surgery on January 5, 1983. Plaintiff applied for no-fault benefits to cover her expenses for the treatment of her knee. On January 18, 1983, defendant denied no-fault benefits on the basis that plaintiff's application for benefits was beyond the time allotted by the statute of limitations set forth in the No-fault Act. On March

7, 1983, this action was filed by plaintiff seeking the no-fault benefits which were refused. After plaintiff's motion for partial summary judgment was denied on October 8, 1987, defendant filed a motion for summary judgment which is now before this court for disposition.

The issue presented by defendant's motion involves an interpretation of the statute of limitations provisions of the No-fault Act. The relevant portion is as follows:

"40 P.S. § 1009.106   *"(c) Time limitations on actions to recover benefits*   "(1) If no-fault benefits have not been paid for loss arising otherwise than from death, an action therefore may be commenced not later than two years after the victim suffers the loss and either knows, or in the exercise of reasonable diligence should have known, that the loss was caused by the accident, or not later than four years after the accident, whichever is earlier. If no-fault benefits have been paid for loss arising otherwise than from death, an action or further benefits, other than survivor's benefits, by either the same or another claimant, may be commenced not later than two years after the last payment of benefits."

It would appear from the above section that statute of limitations of a particular cause of action depends on the circumstances of each case. In the instant action it is not disputed that no-fault benefits have already been paid to plaintiff. Therefore, the second sentence of 40 P.S. § 1009.106(c) applies, mandating that an action for further benefits (other than death) be commenced within two years of the last payment of benefits.

The issue in this case is what was exactly meant by that second sentence of 40 P.S. § 1009.106(c). Defendant would interpret that sentence to mean that the statute of limitations begins on the date that

the last no-fault benefit was paid, and ends two years later. In this case, defendant argues that plaintiff's initial benefits were last paid on November 20, 1980 allowing plaintiff until November 20, 1982 to file a claim for further benefits to meet the statute of limitations requirements of the No-fault Act. Since plaintiff did not commence a claim or even an application for further benefits until after that date, defendant requests summary judgment.

Plaintiff does not diasagree as to the accuracies of the dates and factual averments contained in defendant's motion. However, it disputes the interpretaton arguing that the statute of limitations does not begin until the victim discovers the injury or cause of harm. Since plaintiff applied and filed a claim for benefits within two years after she discovered the knee problem (and that it was associated with the accident), she contends that this action is within the statute of limitations.

Both plaintiff and defendant have cited cases for their positions. One of those cases is *McGlade v. Ohio Casualty Insurance Co.*, 18 D.&C. 3d 676 (1980), affirmed by Superior Court, per curiam, on August 14, 1981. In the *McGlade* case, Judge Gafni stated that the two-year limitation after payments should be applied literally even if the present claim is for a "new loss" of which plaintiff was previously unaware, and granted the defendant's motions for summary judgment. In two other cases, *Rigotti v. J.C. Penney Casualty Insurance Co.*, 13 D.&C. 3d 472 (1980) and *Bauman v. Nationwide Insurance Co.*, 29 D.&C. 3d 189 (1984), it was held that the No-fault Act does not bar a victim from maintaining an action for additional benefits more than two years after benefit payments ceased where the victim neither knew nor should have known that *addi-*

*tional* treatment for his injuries would be necessary. (emphasis added)

We feel that the instant action is more closely related to the *McGlade* case than the *Bauman* or *Rigotti* decisions. Here, plaintiff is seeking benefits for a "new loss" arising out of the August 16, 1980 accident rather than seeking additional benefits for an "old loss" which have already been paid. If plaintiff Carroll were claiming benefits for additional surgical treatment related to the chest injuries she already received benefits for, the action would not be barred by the statute of limitations. *Rigotti* and *Bauman, supra.* But since the claim is for injury to the knee filed more than two years from the date of last payment for injury to her chest, "[i]t is presumed that any loss after this trouble-free period is unrelated to the accident and further benefits need not be paid." *McGlade,* 680. Furthermore, "while one may question the wisdom of a statute of limitations which may be foreshortened by an insurance company's payment, however minimal, the statutory limitation is unqualified and may not be ignored by the court." *Id.* at 680. To follow plaintiff's position, there would be an almost endless period of limitations. Thus, the 70-year-old man who recently married a woman of 20 and began to experience low back pain might feel it was connected to his auto accident of some years past.

Summary judgment is appropriate where "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Pa.R.C.P.1035(b).

Accordingly, we enter the following

## ORDER

And now, February 11, 1988, defendant's motion for summary judgment is granted.